OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.

The State ex rel. Mancini, Appellant, v. Ohio Bureau of Motor
Vehicles, Appellee.
[Cite as State ex rel. Mancini v. Ohio Bur. of Motor Vehicles
(1994),     Ohio St.3d     .]
Mandamus to compel Ohio Bureau of Motor Vehicles to mail
     relator a computer printout of his driving record -- Writ
     denied, when -- Court of appeals' dismissal of appeal
     affirmed, when.
     (No. 94-95 -- Submitted March 29, 1994 -- Decided June 22,
1994.)
     Appeal from the Court of Appeals for Franklin County, No.
93AP-1047.
     On July 28, 1993, appellant, John Mancini, filed a pro se
complaint for a writ of mandamus with the Court of Appeals for
Franklin County.  Appellant alleged that he had mailed a $20
check to appellee, Ohio Bureau of Motor Vehicles, in order to
obtain copies of documents dealing with traffic convictions in
the Garfield Heights Municipal Court for the dates of February
22, 1983 and July 26, 1985.  Appellant claimed to have provided
the relevant case numbers in a letter sent with the check.  The
letter also allegedly contained a request for a computer
printout of appellant's driving record.  Apparently, appellee
never replied to the request for the information, and appellant
instituted this action.
     On August 31, 1993, appellant filed a motion to issue a
writ of mandamus.  The court of appeals filed a journal entry
on September 13, 1993, requiring appellee to show cause in
writing by September 17, 1993 as to why the court should not
issue the writ for failure of the appellee to answer or
appear.  On September 24, 1993, appellant filed a motion to
issue a writ of mandamus and to invoke sanctions.  This motion
was denied by the appellate court because appellant had not
served appellee by certified mail as required by Civ. R. 5(A).
     On October 6, 1993, appellant filed another motion to
issue a writ of mandamus and to invoke sanctions.  This motion
was also denied by the court of appeals on October 8, 1993.
The court also ordered that an evidentiary statement be filed
no later than October 22, 1993 and that briefs be filed in

accordance with Section 8 of Local Rule 11. Instead of complying, appellant filed a motion for reconsideration and for the clarification of the October 8, 1993 journal entry.

On October 29, 1993, appellee filed a limited appearance for the purpose of determining jurisdiction. Appellee claimed never to have received a summons and that no letter had been included with the check.

On November 6, 1993, the court of appeals denied appellant's motion to reconsider and ordered appellant to file an evidentiary statement and a brief in support no later than November 30, 1993 or the action would be dismissed. Appellee sent a letter to the appellant on November 18, 1993, explaining that it had not received a service of the summons and was not aware of the need to respond, and that the original request had not specified the record sought. Moreover, appellee agreed to send the record if appellant would provide a listing of the information desired.

On November 26, 1993, appellant filed an evidentiary statement but no brief in support. On December 14, 1993, the appellate court dismissed the case. Appellee sent appellant a copy of his driving record on December 16, 1993, but on December 29, 1993, appellant filed his notice of appeal regardless.

The cause is before the court upon an appeal of right.

John Mancini, pro se.

Lee Fisher, Attorney General, and Christopher B. McNeil, Assistant Attorney General, for respondent.

Per Curiam. The court of appeal's decision to dismiss the case is affirmed. First, appellant is currently incarcerated at the Marion Correctional Institution and was so restrained of his liberty at the time of the filing of the complaint. As such, he wanted appellee to mail him the information he allegedly requested. In State ex rel. Finley v. Ohio Historical Soc. (1992), 64 Ohio St.3d 509, 597 N.E.2d 120, we held that there is no requirement under R.C. 149.43(B) that a custodian of public records mail copies of them to the requester.

Second, appellant failed to comply with a court order and a local rule. On November 6, 1993, the court of appeals ordered the appellant to file an evidentiary statement and a brief in support no later than November 30, 1993. Although an evidentiary statement was filed, the court never received a brief in support as required by Section 8, Local Rule II of the Tenth Appellate District and the case was therefore dismissed. Appellant was given ample opportunity to submit pleadings that complied with the rule and was warned that noncompliance would result in dismissal.

Third, the case is moot. On November 18, 1993, appellee offered to provide the information to appellant if he would explain what he wanted. Appellant ignored this letter and continued his pursuit of a writ of mandamus. Realizing that appellant was not going to respond, on December 16, 1993, appellee mailed appellant a computer printout of his driving record. Since appellant has received the information sought, the issue is now moot.

The judgment of the court of appeals is affirmed.

Judgment affirmed.

Moyer, C.J., A.W. Sweeney, Douglas, Wright, Resnick, F.E.

Sweeney and Pfeifer, JJ., concur.